**Jincie Jenette EVANS, Appellant,**

v.

**COMMONWEALTH of Kentucky and Board of Claims, Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

E. H. Tackett, Pikeville, J. Keller Whitaker, Workmen's Compensation Bd., Frankfort, for appellees.

DAVIS, Commissioner.

On November 18, 1968, appellant filed in this court a certified copy of an adverse judgment of the Johnson Circuit Court, along with a certified copy of a notice of appeal from that judgment which was filed in the Johnson Circuit Court on July 26, 1968. These papers were accompanied by appellant's motion for an extension of time of thirty days from and after November 24, 1968, in which to file the record in this court. There was nothing in the documents filed by appellant to suggest that the circuit court had extended the time for filing the record in this court beyond the normal sixty-day period provided in CR 73.08. Since the documents presented by appellant indicated on their face that more than sixty

days had elapsed since the notice of appeal had been filed, we denied the motion to extend the time for filing record and dismissed the appeal. The appellant has now filed a motion to reconsider that ruling and has accompanied the motion with a certified copy of an order entered September 20, 1968, in the *Johnson Circuit Court* extending the time for filing record on appeal to and including November 24, 1968. Thus, it is now made to appear that CR 73.08 had been followed in the circuit court and that the time for filing record in this court was timely extended as permitted by CR 73.08. When appellant moved this court to further extend the time for filing record, the time for filing had not expired.

■ Because there is an apparent misunderstanding among some members of the Bar of the meaning of CR 73.08, we are undertaking now to explain the proper practice under that rule. When this court is requested to extend the time for filing a record on appeal, as permitted by CR 73.08, the movant should demonstrate that his time for filing the record has not expired. It is a simple matter for a movant in such a case to provide this court with a certified copy of the circuit court's order extending his time for filing record, so that this court will be apprised of the fact that the movant's time for filing his record has not run out. In substance, this is a practical application of CR 75.10.

■ A similar principle is involved in respect to CR 73.02. In any appealed case in which a motion was filed under Rule 59 so as to terminate the running of the time for taking the appeal, the record should show the motion and the date on which it was overruled so that this court can be informed whether the notice of appeal was in time.

■ We are now sustaining the motion for extension of time to file the record on appeal to and including January 6, 1969. We are calling attention to the fact that hereafter we will not grant extensions of time under CR 73.08, unless the movant makes it abundantly clear that his time for

filing the record has not already expired when the motion under CR 73.08 is made.

Appellant's motion for extension of time to file record on appeal is hereby sustained, and appellant is granted to and including January 6, 1969, in which to file record on appeal.

All concur.